UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **SCOTT QUENSTEDT** § | |
| § | |
| *Plaintiff,* § | |
| § | |
| v. § | Civil Action No. 5-18-cv-00378 |
| § | |
| **SCOTT AND WHITE** § | |
| **HEALTH PLAN** § | |
| § | |
| *Defendant.* § | |

## NOTICE OF REMOVAL

**NOW INTO COURT**, through undersigned counsel, comes Defendant Scott and White Health Plan ("SWHP") and files this Notice of Removal of this case from Plaintiff's Original Petition filed in County Court at Law No. 10, Bexar County, Texas, in which it is now pending, to the United States District Court for the Western District of Texas, San Antonio Division. In support of this Notice of Removal, Defendant SWHP states:

1.

A Petition commencing this civil action, entitled "*Scott Quenstedt v. Scott and White Health Plan,*" was filed on April 13, 2018, in the County Court at Law No. 10, Bexar County, Texas, bearing Case Number 2018CV02184. Defendant SWHP was served with a copy of the Petition on April 16, 2018.

2.

Pursuant to 28 U.S.C. § 1446(a), a copy of all pleadings, processes, and orders that have been served on Defendant are attached hereto as Exhibit "A."

3.

This Notice of Removal is filed by Defendant SWHP within 30 days of service of the Petition, as required by 28 U.S.C. § 1446(b).

4.

Plaintiff alleges SWHP improperly denied his claim for health care benefits under a health benefits plan. (Petition, ¶9). Such benefits arise under an employee health benefit plan established by Pruitt Production Services, Inc. ("the Plan") provided to employees of Pruitt Production Services, Inc., such as Plaintiff.

5.

The Plan is an employee welfare benefit plan within the meaning of Section 3(1), 29 U.S.C. § 1002(1), of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*. Under the Fifth Circuit's jurisprudence, a particular insurance arrangement qualifies as an employee welfare benefit plan under ERISA if: (1) it is a "plan," *see Meredith v. Time Ins. Co.*, 980 F.2d 352, 355 (5th Cir.1993) ("A 'plan' exists if 'a reasonable person' could ascertain the intended benefits, beneficiaries, source of financing, and procedures for receiving benefits."); (2) it does not fall within the safe-harbor provision established by the Department of Labor (*see* 29 C.F.R. § 2510.3-1(j)); and (3) it was established or maintained by an employer with the intent to benefit employees. *See Lain v. UNUM Life Ins. Co.,* 27 F.Supp.2d 926, 930 (S.D. Tex. 1998), *aff'd,* 279 F.3d 337 (5th Cir.2002).

6.

The Plan in this matter qualifies as an employee welfare benefit plan under ERISA. Upon information and belief, at all pertinent times, a reasonable person could readily determine the intended benefits of the Plan and that Plaintiff and the employees of Pruitt Production Services,

Inc. were beneficiaries of the Plan. Further, the Plan does not fall within the "safe harbor" provision established by the Department of Labor; among other reasons, the Plan insured non-family employees, and the premiums for the group coverage under the Plan were billed to and paid in part by the employer, Pruitt Production Services, Inc. Finally, the Plan was established and maintained by Pruitt Production Services, Inc. for the benefit of its employees.

7.

Plaintiff's claim for benefits arises under Section 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B), and is completely preempted by ERISA. *See Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 107 S.Ct. 1549 (1987); *Aetna Health Inc. v. Davila,* 542 U.S. 200, 124 S.Ct. 2488, 159 L.Ed.2d 312 (2004).

8.

Plaintiff's claim against Defendant SWHP is necessarily federal, and therefore removable by Defendant SWHP under the "complete preemption" doctrine. *See Pilot Life Ins. Co.,* 481 U.S. at 45, 55–57, 107 S.Ct. at 1552, 1557–58; *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 62–67, 107 S.Ct. 1542, 1546–48 (1987).

9.

The district courts of the United States have original jurisdiction over claims brought under ERISA. *See* ERISA Section 502(e), 29 U.S.C. § 1132(e); and 28 U.S.C. § 1331.

10.

Because this action arises under the Court's federal question jurisdiction (*see Metropolitan Life Ins. Co. v. Taylor, supra*), this action is properly removable from the County Court at Law No. 10, Bexar County, Texas, to the United States District Court for the Western District of Texas, San Antonio Division, pursuant to 28 U.S.C. §§ 1441(a) and (c) and 1446.

11.

This notice of removal is timely pursuant to 28 U.S.C. § 1446(b) because it is filed within thirty days of when Defendant SWHP received Plaintiff's petition.  *See* 28 U.S.C. § 1446(b)(1). SWHP received citation and petition on April 26, 2018.

12.

This notice is executed pursuant to Fed. R. Civ. P. 11.

13.

The United States District Court for the Western District of Texas is the federal judicial district embracing the County Court at Law No. 10, Bexar County, Texas, where the Petition was originally filed.  Venue, therefore, is proper in this district under 28 U.S.C. § 1441(a).

14.

Pursuant to 28 U.S.C. § 1446(d), undersigned counsel certifies that a copy of the Notice of Removal will be served promptly on all parties and will be filed with the Clerk of Court for the County Court at Law No. 10, Bexar County, Texas.

15.

SWHP expressly reserves any and all rights with respect to this proceeding including, but not limited to, all objections, defenses, and exceptions.

**WHEREFORE**, Defendant Scott and White Health Plan, prays that this action be deemed good and sufficient and proceed in this Court as an action properly removed hereto from the County Court at Law No. 10, Bexar County, Texas.

Respectfully submitted:

By: */s/Jonathan M. Herman*
Jonathan M. Herman (TX Bar No. 24052690)
THE HERMAN LAW FIRM
1601 Elm Street, Suite 2002
Thanksgiving Tower
Dallas, Texas 75201
Telephone: (214) 624-9805
Facsimile: (469) 383-3469
JHerman@herman-lawfirm.com
*Attorney for Defendant*
*Scott and White Health Plan.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing **NOTICE OF REMOVAL** has been served on all counsel of record by depositing a copy of same in the United States Mail, postage prepaid and properly addressed, and/or by electronic mail as follows:

Grant B. Quenstedt
grant@grantqlaw.com
The Quenstedt Law Firm, PLLC
17323 IH-35 North, Suite 105
Schertz, Texas 78154
*Attorney for Plaintiff*

Dallas, Texas, this April 27, 2018.

*/s/Jonathan M. Herman*
Jonathan M. Herman